**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **Shenetha Lynn Siddiq, Debtor**                    **Case No. 26-01624-JAW**
                                                                                                                    **CHAPTER 13**

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Thad Cochran U.S. Courthouse, 501 E. Court Street, Suite 2.300, Jackson, MS 39201, on or before August 4, 2026. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on August 17, 2026 at 10:00 AM in the Thad Cochran U.S. Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, MS 39201, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: June 17, 2026                                   /s/ Thomas C. Rollins, Jr.
                                                                        *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

MSSB-113 (12/17)

<table>
<tr><td colspan="2">Fill in this information to identify your case:</td><td rowspan="6"></td><td>☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.</td></tr>
<tr><td>Debtor 1</td><td>**Shenetha Lynn Siddiq**<br>Full Name (First, Middle, Last)</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td>Full Name (First, Middle, Last)</td></tr>
<tr><td>United States Bankruptcy Court for the</td><td>**SOUTHERN DISTRICT OF MISSISSIPPI**</td></tr>
<tr><td>Case number:<br>(If known)</td><td></td></tr>
</table>

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

| Part 1: | Notices |
| --- | --- |

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ■ Included | ☐ Not Included |
| --- | --- | --- | --- |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ■ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ■ Not Included |

| Part 2: | Plan Payments and Length of Plan |
| --- | --- |

**2.1     Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2     Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$1,157.20**__ (☐ monthly, ■ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**MS Dept of CPS**
**750 N State St**
**Jackson MS 39202-0000**

Mississippi Chapter 13 Plan

Page 1

Debtor    **Shenetha Lynn Siddiq**                                    Case number _____

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____

_____

_____

**2.3      Income tax returns/refunds.**

*Check all that apply*

■         Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐         Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐         Debtor(s) will treat income refunds as follows:

_____

**2.4 Additional payments.**
*Check one.*

■         **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1      Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐         **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)   Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
■          1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**       Mtg pmts to    **Carrington Mortgage** _____

Beginning **July 2026** _____    @    **$1,064.69** _____ ■ Plan    ☐ Direct.        Includes escrow ■ Yes ☐ No

**1**       Mtg arrears to    **Carrington Mortgage** _____    Through    **June 2026** _____                **$5,398.71**

**3.1(b) ☐      Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property  **-NONE-**
          address: _____

Mtg pmts to _____

Beginning  month _____    @    _____    Plan    Direct.        Includes escrow  Yes  No

Property **-NONE-**  Mtg arrears to _____    Through    _____    _____

**3.1(c) ☐      Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:  **-NONE-** _____    Approx. amt. due: _____    Int.
                                                                Rate*: _____

Property Address: _____

Principal Balance to be paid with interest at the rate above: _____

(as stated in Part 2 of the Mortgage Proof of Claim Attachment)

Portion of claim to be paid without interest: $ _____

(Equal to Total Debt less Principal Balance)

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

Debtor     **Shenetha Lynn Siddiq**                                    Case number

Special claim for taxes/insurance: $ _____ **-NONE-** /month, beginning ____ month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2**     **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one..*

☐     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
       ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

■     Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Ally Financial, Inc** | **$24,238.00** | **2021 Nissan Altima 75964 miles** | **$14,998.00** | **$14,998.00** | **8.50%** |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **One Main** | **$6,124.00** | **2011 Honda Civic 189979 miles Son drives** | **$5,287.00** | **$5,287.00** | **8.50%** |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| **-NONE-** | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3**     **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
■     **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**     **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
■     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**     **Surrender of collateral.**

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor    **Shenetha Lynn Siddiq**                          Case number _____

*Check one.*
■          **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1      General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2      Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3      Attorney's fees.**

■ No look fee:    **4,600.00**

Total attorney fee charged:            $**4,600.00**

Attorney fee previously paid:          $**272.00**

Attorney fee to be paid in plan per
confirmation order:                    $**4,328.00**

☐ Hourly fee: $_____.  (Subject to approval of Fee Application.)

**4.4      Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
■          **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5      Domestic support obligations.**

■          **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1      Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐      The sum of $
■      **100.00**   % of the total amount of these claims, an estimated payment of $**28,233.14**
☐      The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**167.74**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2      Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

■          **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**6.1      The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

| Debtor | **Shenetha Lynn Siddiq** | Case number | |
|---|---|---|---|

■    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**7.1**    **Property of the estate will vest in the debtor(s) upon entry of discharge.**

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
■    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signatures:** |
|---|---|

**9.1**    **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X   **/s/ Shenetha Lynn Siddiq**               X
    **Shenetha Lynn Siddiq**                   Signature of Debtor 2
    Signature of Debtor 1

    Executed on   **June 11, 2026**          Executed on

    **6478 Richwood Drive**
    Address                           Address
    **Jackson MS 39213-0000**
    City, State, and Zip Code             City, State, and Zip Code

    Telephone Number                  Telephone Number

X   **/s/ Thomas C. Rollins, Jr.**            Date   **June 11, 2026**
    **Thomas C. Rollins, Jr. 103469**
    Signature of Attorney for Debtor(s)
    **P.O. Box 13767**
    **Jackson, MS 39236**
    Address, City, State, and Zip Code
    **601-500-5533**                    **103469 MS**
    Telephone Number                MS Bar Number
    **trollins@therollinsfirm.com**
    Email Address

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

Case Trustee
Office of the US Trustee

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by US Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

Ally Financial Inc.
c/o C. T. Corporation System
8927 Lorraine Rd. Suite 204-A
Gulfport, MS 39503

OneMain Financial Group, LLC
c/o C. T. Corporation System
8927 Lorraine Rd. Suite 204-A
Gulfport, MS 39503

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: June 17, 2026                     /s/ Thomas C. Rollins, Jr.
                                        *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

SHENETHA LYNN SIDDIQ

CASE NO: 26-01624-JAW

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 6/17/2026, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/17/2026


/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469

The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

SHENETHA LYNN SIDDIQ

CASE NO: 26-01624-JAW

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 6/17/2026, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/17/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

FIRST CLASS

ALLY FINANCIAL INC
CO C T CORPORATION SYSTEM
8927 LORRAINE RD SUITE 204-A
GULFPORT MS 39503

ALLY CAPITAL  CO AIS PORTFOLIO SERVICES  LL
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

ALLY CAPITAL DEPARTMENT
CO AIS PORTFOLIO SERVICES  LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY  OK 73118-7901

CAPITAL ONE
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY  UT 84130-0285

DISCOVERCARD
PO BOX 30939
SALT LAKE CITY  UT 84130-0939

(P)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

EXCLUDE

HAROLD J BARKLEY JR
PO BOX 4476
JACKSON  MS 39296-4476

FIRST CLASS

ONEMAIN FINANCIAL GROUP LLC
CO C T CORPORATION SYSTEM
8927 LORRAINE RD SUITE 204-A
GULFPORT MS 39503

EXCLUDE

US BANKRUPTCY COURT
THAD COCHRAN US COURTHOUSE
501 E COURT STREET
SUITE 2300
JACKSON  MS 39201-5036

ALLY FINANCIAL  INC
ATTN BANKRUPTCY
PO BOX 380901
BLOOMINGTON  IL 55438-0901

(P)CARRINGTON MORTGAGE SERVICE LLC
1600 S DOUGLAS RD SUITE 110
ANAHEIM CA 92806-5951

FST PREMIER
ATTN BANKRUPTCY
601 S MINNESOTA AVE
SIOUX FALLS  SD 57104-4824

(P)SEZZLE INC
BANKRUPTCY DEPARTMENT
700 NICOLLET MALL
STE 640
MINNEAPOLIS MN 55402-2050

DEBTOR

SHENETHA LYNN SIDDIQ
6478 RICHWOOD DRIVE
JACKSON  MS 39213-7828

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 26-01624-JAW
SOUTHERN DISTRICT OF MISSISSIPPI
WED JUN 17 11-6-12 PST 2026

AFFIRM
443 IRVING DR
BURBANK  CA 91504-2447

CAINE  WEINER
ATTN BANKRUPTCY
5805 SEPULVEDA BLVD
SHERMAN OAKS  CA 91411-2546

CREDIT ONE BANK
6801 CIMARRON RD
LAS VEGAS  NV 89113-2273

ONE MAIN
PO BOX 1010
EVANSVILLE  IN 47706-1010

EXCLUDE

UNITED STATES TRUSTEE
501 EAST COURT STREET
SUITE 6-430
JACKSON  MS 39201-5022

EXCLUDE

THOMAS CARL ROLLINS JR
THE ROLLINS LAW FIRM  PLLC
PO BOX 13767
JACKSON  MS 39236-3767